Spencer
v.
Blackman.

### SPENCER *vs.* BLACKMAN.

Where the agent of the owner of a watch delivered it to a third person for the purpose of having its value appraised by a watch-maker, with the view to a purchase or loan to be made upon the watch as security, and the watch was accordingly put into the hands of a watch-maker, and while in his hands was levied upon and taken by an officer, by virtue of an execution against the agent; *it was held*, that an action of trover lay by the *owner* against such *third person*, especially as there was reason to suspect collusion between him and the officer.

THIS was an action of trover, tried at the Albany circuit in September, 1830, before the Hon. JAMES VANDERPOEL, one of the circuit judges.

The action was brought for a watch belonging to the plaintiff, of which the defendant had been in possession, and which, while in his possession, was levied upon and taken by an officer, by virtue of an execution against one William Weaver. Weaver testified that the watch had been in his keeping for a long time, with the view of disposing of it for the plaintiff, to whom it belonged; that he carried it about his person; that the defendant proposed to purchase it, but said he was unacquainted with its value, and took it with his consent to a watch-maker to learn its value. A witness on the part of the defendant testified that he was present at the time when the watch was delivered by Weaver to the defendant; that Weaver first offered to sell it to the defendant, who said he could not afford to buy it; that Weaver then requested him to loan him some money and take the watch as security and on defendant's observing that he did not know its value, Weaver requested him to have it appraised by a watch-maker: upon which the defendant took the watch. A deputy sheriff testified that he levied on the watch, by virtue of an execution against Weaver, that he took it from the hands of a watch-maker, that the defendant was present and appeared to be alarmed. Upon these facts, the presiding judge intimated his opinion, that if the watch was taken by the officer out of the possession of the watch-maker, while he was examining it to ascertain its value, and if such levy was made without the con-

sent or procurement of the defendant, the defendant was entitled to a verdict in his favor, and observed that he should so instruct the jury. Whereupon the plaintiff excepted to the opinion of the judge and submitted to a nonsuit, which he now moved to set aside.

*J. L'Amoureux*, for the plaintiff.

*B. R. Wood*, for the defendant.

*By the Court*, Savage, Ch. J. The only question presented is, whether the defendant was guilty of a conversion of the watch. A conversion seems to consist in any tortious act, by which the defendant deprives the plaintiff of his goods. 3 *Starkie's Ev.* 1492. A demand and refusal to deliver, are, in general, evidence of a conversion. But it is said that to make a refusal to deliver evidence of a conversion, it must be in the power of the defendant to make the delivery demanded; there must be an actual tort. 1 *Campb.* 441. In every action of trover the possession is supposed to have been lawfully in the defendant: " it is the breach of the trust, or the abuse of such lawful possession, which constitutes the conversion." 10 *Johns. R.* 175. In the case of *Syeds* v. *Hay*, 4 *T. R.* 260, trover was held to lie against the master of a vessel who had landed goods of the plaintiff contrary to the plaintiff's orders, though the plaintiff might have had them by sending for them and paying the wharfage; and Buller, justice, says; " If one man who is entrusted with the goods of another, put them into the hands of a third person, contrary to orders, it is a conversion. If a person take my horse to ride and leave him at an inn, that is a conversion; for though I may have the horse on sending for him and paying for the keeping of him, yet it brings a charge on me." This has been often recognized as sound law in this court. In *Lockwood* v. *Bull and Eager*, 1 *Cowen*, 322, the plaintiff had levied on the property in question, and the defendants had received possession of it, being responsible for the delivery of it on demand; one of the defendants, Eager, permitted a third person to take away some of it, with an intention no doubt to prevent the plaintiff from

NEW-YORK,
May, 1832.

Spencer
v.
Blackman.

regaining the possession ; it was held that trover would lie, or an action on the undertaking to re-deliver. In *Murray* v. *Burling*, 10 *Johns. R.* 172, it was held that trover lay for a note which the defendant had received for a special purpose and misapplied. There are cases against a common carrier, for instance, when trover does not lie for goods delivered to him unless there be a conversation in fact, a wilful withholding the possession on demand ; and if the goods shall have been lost or stolen, or perhaps delivered by mistake to a wrong person, trover does not lie, though the carrier is liable in an action on the custom ; but in that case, the defendant would be liable for a wilful delivery of them to a wrong person.

Weaver was the agent of the plaintiff, and his acts are obligatory on the plaintiff. The defendant was not the agent of the plaintiff or of Weaver ; the watch was entrusted to him for a special purpose : to ascertain its value, he had no orders nor leave to deliver it to Johnson, the watchmaker, nor to any other person. He was to return it to Weaver. The sheriff could not have levied on it unless the defendant had parted with the possession. Johnson was the agent of the defendant, and for Johnson's misconduct the defendant must be liable. Had the defendant pawned the watch for a debt of his own, it cannot be doubted that such an act would have amounted to a conversion. Had Johnson refused to deliver it back to the defendant without any excuse, the defendant must be liable to the plaintiff. His delivery to Johnson was upon his own responsibility and at his own risk. The sheriff had no right to levy upon the plaintiff's property upon an execution against Weaver, and neither Johnson nor the defendant were justified in delivering possession of the watch to the sheriff, and without such delivery he could not have levied upon it. There seems to have been collusion between the defendant and the sheriff ; the circumstances are at least very suspicious, that the whole affair was a trick to enable the sheriff to levy on the watch ; but if such was not the fact, I hold the defendant liable in trover for wrongfully parting with the possession of the watch, whereby the plaintiff has lost the same, or must be put to trouble and expense in regaining

possession of it.   It is not necessary to decide how the rights of the parties would be changed, if at all, on the supposition that the watch was rightfully levied on by the sheriff; although it may be said in one sense to be in the custody of the law, it is wrongfully there, and by the wrongful or tortious act of the defendant.

The nonsuit should be set aside and a new trial granted; costs to abide the event.