ARTHUR J. GIBBONS AND OTHERS, RESPONDENTS, *v.* HENRY G. LUKE, APPELLANT.

*Sale of personal property upon the installment plan — condition against removal — when not discharged by a consent to one removal.*

This action was brought to recover the possession of a piano sold by the plaintiffs to the defendant upon the installment plan, the agreement providing that the title should remain in the plaintiffs until the purchase-price should be paid, with the right in the plaintiffs in case of default, or in case of attempted violation of the contract, to resume the possession of the property and sell it at auction, or otherwise, rendering to the defendant the surplus, if any, after payment of all charges and expenses. It further provided that the piano should be kept at the defendant's residence, 117 State street, Rochester, Monroe county, and not removed without the written consent of the plaintiffs.

Subsequently to the making of the contract the defendant, with the written con-

sent of the plaintiffs, removed the piano to 21 South St. Paul street, Rochester. Thereafter, and while in default as to the payment of certain installments, he, without the knowledge or consent of the plaintiffs, removed the piano to the village of Lyons, in Wayne county.

*Held,* that this was a violation of the terms of the contract which authorized the plaintiffs to maintain this action to recover the possession of the piano without making any demand therefor.

That the consent to the first removal of the piano did not wholly discharge the provision restricting removals or eliminate it from the contract. The rule applicable to cases of bailments differs from that applicable to conditions in leases against assigning or granting estates subject thereto.

Appeal by defendant from a judgment, entered upon decision of the court at the Monroe Circuit.

The action was brought to recover the possession of a piano, which, in January, 1882, the plaintiffs had delivered to the defendant under a written agreement executed by him, whereby he stated that he had received from them the piano, at the purchase-price of $400, of which five dollars was then paid and the balance, with interest, he agreed to pay in installments of five dollars February second, and ten dollars monthly thereafter, and when fully paid he should have title, and that in the meantime the title remained in the plaintiffs with the right in case of default in payment, or in case of attempted violation of the contract to resume the possession of the property and sell it at auction, or otherwise, rendering to the defendant the overplus, if any, after payment of all charges and expenses; that the said piano should be kept at defendant's residence 117 State street, Rochester, and not removed without the written consent of the plaintiffs. And he undertook to keep it insured in their favor for an amount equal to that unpaid of the purchase-price.

The action was commenced the early part of April, 1884. At that time the defendant had paid $145 and there remained unpaid, exclusive of interest, $255. About the 1st of November, 1883, the defendant was in default eighty-three dollars, and the plaintiffs demanded of him the possession of the piano which was refused. He afterwards, in November, December, January and March, made payments to the plaintiffs and they received them amounting to eighteen dollars. The court did not find that any subsequent demand of the piano was made by the plaintiffs before commenc-

ing the action, but it is found that the defendant removed the piano to the village of Lyons, Wayne county, without the plaintiffs' consent. And that before then he had removed it to No. 21 South St. Paul street, Rochester, with the written consent of the plaintiffs. The court directed judgment for the plaintiffs.

*Patrick McIntyre*, for the appellant.

*Horace McGuire*, for the respondents.

BRADLEY, J. :

The defendant originally had the lawful possession of the property, and was entitled to retain such possession until a legal opportunity arose to terminate it and the election of the plaintiffs to do so. The right so to elect depended upon default or some other violation of the contract under which the defendant might take possession.

About the 1st of November, 1883, the defendant was in default, and the plaintiffs then had the right for that reason to the possession of the property ; and in the exercise of that right did demand of the defendant the possession of it, which was refused. The plaintiffs were then at liberty to treat the contract of sale as rescinded and reclaim the property by action. But instead of doing so they afterwards accepted of the defendant further payments of the purchase-money which rendered his possession lawful, in so far that the demand before made became ineffectual as a rescission of the agreement of sale, or to support an action founded upon it, because they were not entitled to both rescission and payment. The duty of the defendant to pay, and the right of the plaintiffs to require it, depended upon the then affirmance of the contract of sale. The right to maintain this action is not, therefore, supported by the demand made about the 1st of November, 1883. The terms of the contract are such that with the right of resumption by the plaintiffs of the possession is that of sale of the property, which seems to exclude the idea of retaining it and enforcing payment of the purchase-money. The question arises whether the removal by the defendant of the piano to Lyons was such a breach of the agreement as to justify the action without further demand. He was then in default and the plaintiffs had the right to proceed to put an end to the contract of sale and reclaim the property, and the defend-

ant was not permitted, other than by payment, to defeat that right.

The court has found, and such must be taken as the fact, that the piano was removed to Lyons without the plaintiffs' consent. The right to the possession given by the contract was so qualified that it was not to be removed from the defendant's residence, at 117 State street, in the city of Rochester, without the plaintiffs' consent. This was a reasonable provision, because they had title to the property and the right by agreement and direction under which it was delivered to control its locality with a view to the protection of their proprietary interest. And a substantial violation of that provision would afford to them the right to take the property and to resort to their action for that purpose. And when they had done so the defendant's right. aside from that given by the contract, was the equitable one of redemption only. The relation of the defendant, until full payment, was that of bailee, and the removal by him of the property from the place where he was required to keep it might be such as to furnish evidence of an unauthorized appropriation of the property and afford a remedy as effectually as a demand and refusal. (*Murray* v. *Burling,* 10 Johns., 172; *Spencer* v. *Blackman,* 9 Wend., 167, 169; *Carter* v. *Kingman,* 103 Mass., 517.)

The trial court has necessarily held that the removal of the property to Lyons was a violation of the contract and sufficient evidence of appropriation of it to justify the remedy sought by the plaintiffs' action. But it is contended by the defendant's counsel that the permission given by the plaintiffs, for the removal of the piano from 117 State street to 21 South St. Paul street, Rochester, wholly discharged the provision restricting removal, and practically eliminated it from the contract. The proposition is applicable to conditions in leases against assignment, and the granting of estates subject to conditions that when such conditions are once dispensed with by license they are gone. (*Dakin* v. *Williams,* 17 Wend., 447; *Murray* v. *Harway,* 56 N. Y., 337.) But that rule in such cases is founded on reasons which may not be applicable to the question here.

This is matter of bailment. No title had vested in the defendant. The consent that the property might be put into another house in the city, did not in the judgment of the plaintiffs prejudice their right. It was therefore made a substitute by the consent for the

place first designated and the provision that it should not be removed without their consent, still remained a provision of the contract and was within its spirit and meaning as the parties evidently understood it. The consent to removal was not general in its terms or effect, but was to removal to another house in the same city. The action proceeds on the ground that the detention by the defendant was unlawful. The situation was such that the plaintiffs had the right to demand and reclaim the possession of the property. The defendant without the knowledge or consent of the plaintiffs, and in violation of the agreement, removed it into another county. This we think the trial court was justified in treating as evidence of conversion under the circumstances, and sufficient to support the conclusion there reached.

The judgment should be affirmed.

SMITH, P. J., and BARKER, J., concurred.

Judgment affirmed.