### MONKS v. BRUCE.

(*City Court of New York, Trial Term.*  January 17, 1889.)

PRINCIPAL AND AGENT—DISOBEDIENCE TO INSTRUCTIONS—ACTION—PLEADING.
   A complaint alleging that plaintiff delivered to defendant a mare, to be sold for not less than $500, and charging a sale for less than that sum, and a payment to plaintiff by defendant of $196, and praying judgment for $304, is defective in not alleging that the action is for violation of instructions, and for the damages occasioned thereby.

Action by Charles Monks against Sanders D. Bruce for the difference between the price at which plaintiff authorized defendant to sell a certain blooded mare, and the price for which defendant actually sold her.   Defendant moved at the trial to dismiss the complaint.

*Charles D. Metz,* for plaintiff.   *J. Homer Hildreth,* for defendant.

McADAM, C. J.   The complaint alleges that the plaintiff delivered to the defendant a blooded mare, to be taken to Lexington, Ky., and there sold for not less than $500, and if not so sold to be returned.   It then charges a sale by the defendant for less than the stipulated price; a payment to the plaintiff by the defendant of $196; and closes with a prayer for judgment in his favor for $304.   It does not clearly appear from the complaint what the action is for, but by inference it would seem to be either for conversion, or on the contract for the balance claimed.   It ought to have alleged "that the defendant, in violation of his instructions, wrongfully sold the mare for a sum less than $500, to-wit, for [inserting the price at which the mare was sold;] whereby, and by reason of which misconduct on the part of the defendant, the plaintiff suffered damage to the amount of [the difference between the two sums.]"   The distinction may seem technical, but it cannot on that account be ignored.   The *gravamen* of the charge should always appear by the complaint, that the

*allegata* and *probata* may correspond, duplicity be avoided, and immaterial evidence excluded, and the true issue kept prominently in view at the trial. The principles determined by the case of *Laverty* v. *Snethen*, 68 N. Y. 522, are that (1) if an agent parts with the property of his principal in a way or for a purpose not authorized, he is liable in trover for conversion; but where, as in this case, the agent is authorized to sell, he is not guilty of trover for exercising the power conferred. (2) An agent authorized to sell at a specified price, as in this case, is not liable in trover for selling at a price below instructions; the remedy being for breach of instructions. The sale made by the agent effectually transferred title to the purchaser, and the principal's remedy for the wrong is breach of duty on the part of the agent. (3) An agent authorized to sell is at all times liable on his contract for the proceeds of sale.

The present action is not for the net proceeds of sale, for these have been paid over, and represent the credit of $196 given in the complaint. It should be made to appear by the complaint that the action is for breach of duty, *i. e.*, violation of specific instructions. For the defect stated the complaint will be dismissed, with costs, unless within 30 days the plaintiff applies to and obtains from the special term leave to amend his complaint in the particulars stated, in which event—that is, as soon as the amended pleadings are properly before the court—the action may be placed on the day calendar, and proceed to trial.