(20 Misc. Rep. 685.)

MONDA v. WELLS, FARGO & CO.

(City Court of New York, General Term. July 2, 1897.)

COURTS—JURISDICTION.

 Plaintiff, a nonresident, sued defendant, a foreign corporation, doing an express business, for conversion of goods delivered to it. It appeared that the contract for carriage of the goods to New Jersey was made with a connecting express company in Massachusetts, that such connecting company delivered the goods to defendants in New Jersey, and the refusal to deliver, which constituted the conversion, took place in New Jersey. *Held* that, under section 1780, Code Civ. Proc., the courts of New York had no jurisdiction of the action.

Appeal from trial term.

Action by Albert A. Monda against Wells, Fargo & Co. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before McCARTHY and SCHUCHMAN, JJ.

H. M. Hitchings, for appellant.

Alexander & Green, for respondent.

SCHUCHMAN, J. This is an appeal by the plaintiff from a judgment dismissing the complaint on the ground of want of jurisdiction of the subject-matter of the cause of action set up in the complaint, under section 1780 of the Code; it appearing that the defendant is a foreign corporation, that the plaintiff is a nonresident of the state, and that the contract is not made within the state. The second cause of action set up in the complaint was withdrawn, and the first cause of action is set up as follows: That the defendant is a foreign corporation organized under the laws of the state of Colorado, and is a common carrier of goods, wares, and merchandise by express; that the Adams Express Company is a common carrier of goods by express, and that the defendant and the Adams Express Company are connecting lines for carrying goods by express from the town of Lenox, Mass., to the town of South Orange, state of New Jersey; that on June 29, 1895, this plaintiff delivered to the Adams Express Company, at said town of Lenox, certain plants, consigned and directed to the plaintiff at said South Orange, under a verbal contract that the goods so consigned to the plaintiff should be carried to the said town of South Orange, and safely delivered to the plaintiff, within a reasonable time; that thereupon the Adams Express Company undertook the carriage of said goods as a forwarder, and delivered the same to the defendant for carriage and delivery to plaintiff at South Orange. The answer of the defendant in paragraphs 3 and 5 admits "that the defendant received the plants from the Adams Express Co. at the city of New York for carriage and delivery to the plaintiff at said South Orange." At the trial the plaintiff introduced evidence to sustain his cause of action. After he rested, a motion

to dismiss was made on the ground of nonjurisdiction of the court. The plaintiff then called one Crow as his witness, who testified as follows:

"I am the superintendent of Wells, Fargo & Co. in New Jersey and Jersey City. The Wells, Fargo & Co. received its goods from the Adams Express Co. from Lenox, either at New York City, or in New York, or Jersey City, depending on the convenience of the Adams Express Co. largely. The 'New York Depot' is our term for our pier at Jersey City, and the goods could be transferred to us by the Adams Express Co. in New York City or at Jersey City, and come there on that bill. It is the term we have for our pier at Jersey City. We have no New York depot in New York City. We have various offices in New York City, but the business handled at these offices comes through the New York depot at the pier in Jersey City."

The motion for a nonsuit was granted. It was conceded at the trial that the plaintiff is a resident of Orange, N. J. It will thus appear by the plaintiff's complaint, as framed, that the contract for the shipment of those goods was made at Lenox, Mass., and that the contract as alleged was a through contract, to wit, that the plants should be delivered at Orange, N. J., where the conversion took place, by the nondelivery of the plants to the plaintiff, except upon payment of a double rate, which plaintiff refused to pay; so that the contract was made outside of the state, and the cause of action arose outside of the state, and, plaintiff being a nonresident and defendant a foreign corporation, the court had no jurisdiction, because section 1780 of the Code of Civil Procedure provides that an action against a foreign corporation may be maintained by a nonresident in one of the following cases only:

"(1) Where the action is brought to recover damages for the breach of a contract made within the state, or relating to property situated within the state, at the time of the making thereof." "(3) Where the cause of action arose within the state."

Robinson v. Navigation Co., 112 N. Y. 315, 19 N. E. 625.

Subdivision 3 of section 1780 is not applicable to this case, because there is no contest that the cause of action did not arise outside of the state, because it is acceded that, if any conversion took place, it only could have taken and did take place at South Orange. The plaintiff, therefore, to maintain his cause of action on the jurisdictional question, must satisfy the court that the contract was made within the state, agreeable to subdivision 1 of said section of the Code.

As already stated, if the contract was made for the carriage of the plants to and a delivery of them at South Orange, N. J., their ultimate destination, then the contract was made outside of the state. If, however, it was not a through contract, and the plants were delivered to the Adams Express Company for carriage to the terminus of its route at New York, and then to be forwarded to the defendant as next connecting carrier, then defendant, accepting and carrying said goods to its destination, to wit, said South Orange, would become and be liable as common carrier, and the law would then imply a contract made at the place where the forwarder delivers the goods to the connecting carrier. Babcock v. Railroad Co., 49 N. Y. 491; Rogers v. Wheeler, 52 N. Y. 262. But, although the defendant ad-

mits in its answer that it received the goods from the Adams Express Company at the city of New York, that is explained by the witness Crow, above referred to, that by New York City they meant defendant's depot at the pier, or their pier in Jersey City; thus conclusively showing that even that implied contract was made outside of the state of New York. The court had no jurisdiction, and the nonsuit is right.

Judgment appealed from affirmed, with costs.

McCARTHY, J., concurs.