(86 App. Div. 450.)

### SANITARY CAN CO. v. MULLINS.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. CORPORATIONS—OFFICERS—TREASURER—CONVERSION OF FUNDS—EVIDENCE.
    Where, in an action against the treasurer of a corporation for conversion of certain of its funds alleged to have been illegally drawn from a bank on checks signed by defendant as treasurer alone, contrary to a by-law providing that checks should be drawn only by the president and countersigned by the treasurer, refusal of the trial court to permit plaintiff to ask one of its officers as a witness whether there was any by-law which provided how the company's money should be withdrawn from any depository was prejudicial error.

Appeal from Trial Term.

Action by the Sanitary Can Company against Robert F. Mullins. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and JENKS, JJ.

Lewis L. G. Benedict, for appellant.
L. L. Fawcett, for respondent.

JENKS, J.   The issue is whether the defendant, who was treasurer of the plaintiff corporation, converted its funds.   The funds were the proceeds of a check received by the defendant from a debtor of the corporation.   The defendant deposited them in a bank to the credit of "Robert F. Mullins, Treas."   He made withdrawals therefrom by checks thus signed, and applied the money to various purposes.   He contends that those purposes were legitimate, and the plaintiff denies it.   The learned counsel for the appellant asked an officer of the plaintiff:   "Is there any by-law which provides how the company's money shall be withdrawn from any depositaries?   This was met by a general objection.   In answer to a question by the court as to its materiality, the counsel stated that there was a by-law which provided that the checks should be drawn only when signed by the president and countersigned by the treasurer.   The court thereon excluded the question as not material.   I think that this was error which requires a reversal of the judgment.   The defendant, as treasurer, was a mere depositary, without title to the corporate funds in his possession, charged with the duty to keep them, and to disburse them in accordance with the directions of the corporation.   Taylor v. Taylor, 74 Me. 382.   If the defendant deposited the money, and thereafter drew it out contrary to the rules formulated by his principal, such an act would tend to prove a conversion.   Laverty v. Snethen, 68 N. Y. 522, 23 Am. Rep. 184.

The judgment should be reversed, and a new trial be ordered; costs to abide the event.   All concur.