A. E. KLOTZ FIREPROOFING CO. v. KENN–WELL CONTRACTING CO.

(Supreme Court, Appellate Term.  November 10, 1911.)

COURTS (§ 189*)—MUNICIPAL COURT OF NEW YORK—ENTRY OF JUDGMENT—TIME.

In the absence of any valid consent of the parties extending the time in which the Municipal Court may render judgment, a decision and judgment, rendered after the expiration of the 14 days fixed by Municipal Court Act (Laws 1902, c. 580) § 230, from the date of final submission, is void.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of The Bronx, Second District.

Action by the A. E. Klotz Fireproofing Company against the Kenn-Well Contracting Company.  From a Municipal Court judgment in favor of plaintiff, defendant appeals.  Reversed and dismissed.

Argued before SEABURY, GUY, and COHALAN, JJ.

Beardsley & Hemmens, for appellant.

GUY, J.  This case was tried on February 9, 1911, and at the close of the case the court directed that briefs should be submitted February 14, 1911.  The court, acting without a jury, held the papers until March 7, 1911, and on that date the court directed judgment in favor of plaintiff.  Defendant appellant contends that the judgment should be reversed on the ground of want of jurisdiction; more than 14 days having expired after the final submission of the case before the decision and the entry of judgment.

In the absence of any valid consent of the parties extending the time in which the court might render judgment, a judgment rendered after the expiration of 14 days from the date of final submission is void.  See Municipal Court Act, § 230; Carpenter v. Pirner, 107 N. Y. Supp. 875; Lambert v. Salomon, 28 Misc. Rep. 562, 59 N. Y. Supp. 676.

The judgment must therefore be reversed, and the complaint dismissed, with costs to appellant.  All concur.

---

BARKER–BOND LUMBER CO. v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Term.  November 10, 1911.)

1. SHIPPING (§ 115*)—CARRIERS OF FREIGHT—CONVERSION—ACTS CONSTITUTING.

A carrier, refusing to deliver freight without payment of demurrage not due, is liable for a conversion.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 433; Dec. Dig. § 115.*]

2. SHIPPING (§ 184*)—INTERSTATE SHIPMENTS—DEMURRAGE—PRESUMPTIONS.

In the absence of proof to the contrary, it will be assumed that the rate of demurrage charged by a carrier of an interstate shipment is in accord with that established by law.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 184.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. SHIPPING (§ 177*)—DEMURRAGE.

A carrier, entitled to demurrage accruing after 48 hours from the time the boat reports, cannot demand demurrage during the interval between the removal of the boat from the dock of its destination and its arrival at another dock, where during such interval neither the shipper nor his consignee knew anything about the whereabouts of the freight.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 576–582; Dec. Dig. § 177:*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Barker-Bond Lumber Company against the Pennsylvania Railroad Company. From a judgment of the Municipal Court for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and COHALAN, JJ.

Hyland & Zabriskie (Nelson Zabriskie, of counsel), for appellant.

Burlingham, Montgomery & Beecher (George R. Allen, of counsel), for respondent.

SEABURY, J. This is an action brought to recover damages for the alleged conversion of lumber. The defendant, as carrier, refused to deliver the lumber unless the demurrage which it claimed was due was first paid by the plaintiff's consignee. The plaintiff and its consignee refused to pay the demurrage claimed upon the ground that it was not due.

[1] If the demurrage claimed was not due, or was in excess of the amount due, and the defendant failed to deliver the lumber, it is liable for the conversion of the lumber. Monda v. Wells Fargo & Company, 20 Misc. Rep. 685, 46 N. Y. Supp. 682, affirmed 21 Misc. Rep. 308, 47 N. Y. Supp. 182; Laverty v. Snethen, 68 N. Y. 522, 23 Am. Rep. 184.

The question of the defendant's liability turns, therefore, upon whether or not the demurrage which the defendant claimed was due. In order to determine this question, it is necessary to examine the facts. After the lumber was shipped, the defendant was directed by the plaintiff to deliver it to one Ross at the foot of Bay Ridge avenue, Brooklyn, N. Y. The delivery order which the defendant sent to Ross when the lumber arrived at Jersey City, N. J., provided that, when a car or float reports at its destination, the shipper, consignee, or steamship company must provide a berth, and that after 2 days (48 hours) from the time the car or float reports "demurrage shall accrue" at the rate per day of 24 hours, or a fraction thereof, of $10 for lighters or barges. On Tuesday, January 10, 1911, at 10 a. m., the lumber arrived at the foot of Bay Ridge avenue on board the canal boat Morse. The lumber of the plaintiff was in the bottom of the boat and was covered by other lumber consigned to other consignees. On the afternoon of the day of arrival Ross took two truck loads of the lumber from the boat. The boat remained at the foot of Bay Ridge avenue until Thursday, January 12th, at 3 p. m., when it left for another place. Between the time when Ross took the two loads

of lumber from the boat and the time of the departure of the boat, Ross refused to receive the balance of the lumber. Why Ross did this is the subject of dispute, but it appears that before the boat left the foot of Bay Ridge avenue Ross returned the two loads of lumber which he had taken from the boat and gave the defendant a receipt for the whole car of lumber. This receipt was obviously false. The plaintiff, on being notified that Ross refused to accept the lumber, notified the defendant to make delivery of it to the Bay Ridge Lumber Company. When the boat left the foot of Bay Ridge avenue, she went to the foot of Twenty-Fifth street, South Brooklyn, where she arrived between 4 and 5 p. m. on January 13th. No report of her arrival at that place was given to the plaintiff or the new consignee. On the morning following the Bay Ridge Lumber Company sent several teams to the foot of Bay Ridge avenue for the purpose of getting the lumber; but its representatives could learn nothing as to the whereabouts of the lumber until the morning of January 14th, when the Bay Ridge Lumber Company was notified that the boat was at Twenty-Fifth street, South Brooklyn, and sent its teams to unload the boat. At this time the defendant demanded demurrage for three days at $10 per day and $8 for handling the portion of the lumber which Ross had taken off the boat and subsequently returned.

[2] As the shipment was an interstate shipment, it must be assumed, in the absence of any proof to the contrary, that so far as the rate is concerned it is in accord with that established by law. Indeed, we do not understand that the appellant disputes this, and the rate charged is not in any way in controversy. The respondent contends that whether or not the lumber was accessible to Ross, and whether he was able to unload it, were questions of fact merely. It is also claimed that, if Ross could not remove the lumber, it was because of the fact that lumber, not of the defendant, but of other consignees, covered that of the plaintiff. For the purpose of determining this appeal, we may assume that these questions of fact have been properly determined by the court below in favor of the defendant. Even with this concession it seems clear to us that the demurrage which the defendant claimed was in excess of that justly due.

[3] Without discussing the other features of the case, it seems to us that there is no basis for the defendant's claim that it was entitled to demurrage for three days. If we assume that the consignee had no valid excuse for not unloading within 48 hours after the boat docked at the foot of Bay Ridge avenue, the defendant was not entitled to demurrage for the period intervening between the time when the boat left Bay Ridge avenue and the time when she arrived at Twenty-Fifth street, South Brooklyn. During this period neither the plaintiff nor its consignee knew anything about the whereabouts of the lumber. During this interval, at least, it is clear that the defendant cannot sustain its claim for demurrage on the ground that the delay in unloading was due to Ross, or the Bay Ridge Lumber Company, or to any other consignee of other lumber upon the same boat. The removal of the boat from the dock on January 13th, and the failure of the defendant to notify the plaintiff or its consignee

until 9 a. m. on January 14th, suspended the defendant's right to demurrage during this interval. Gabler v. McChesney (Action No. 1) 60 App. Div. 583, 589, 70 N. Y. Supp. 191. Yet, unless the defendant is permitted to claim demurrage for this intervening period, its claim to $30 demurrage is untenable. It follows that the defendant had no lien for this sum, and its refusal to deliver the lumber, unless the whole of this sum was paid, constituted a conversion of the lumber, for which it must respond to the plaintiff in damages.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.