Per Curiam.

This action arises out of the neglect and refusal of one or both of defendants to return to plaintiff a $3,500 fur coat which was received from her for storage on or about May 6, 1948. The wife of defendant Samuel Neuhoff testified that she delivered the coat for repairs to one Samuel Yedwald who did not return it. The receipt given to plaintiff was entitled: “ Storage Receipt & Agreement ” and said nothing about repairs. Plaintiff testified that when she delivered the coat she said that she wished to have it stored, and that nothing was stated about its being repaired. Since the Trial Justice, before whom this action was tried without a jury, *600 evidently found that the agreement was for storage only, there was no occasion for the coat to pass out of the possession of defendants, and delivery to Yedwald was not authorized by the terms of the bailment. Under these circumstances, failure to return the coat when demanded involves liability regardless of negligence (Mortimer v. Otto, 206 N. Y. 89; Laverty v. Snethen, 68 N. Y. 522, 525). The cause of action is not for breach of contract but conversion. This conclusion is supported by copious citation of authorities in Laverty v. Snethen (supra), such as the quotation on page 525 from Butler, J., in Syeds v. Hay (4 T. R. 260): “ ‘If one man who is intrusted with the goods of another put them into the hands of a third person, contrary to orders, it is a conversion.’ ” The first cause of action is sustained by the evidence.
The second cause of action is based on fraud, in that defendants are charged with lack of intention to insure plaintiff’s coat against loss by fire and theft, at the time when plaintiff was given the storage receipt containing the promise: “ All articles accepted by the undersigned will be protected by insurance against loss by fire and theft in accordance with the valuation named by the depositor and so noted opposite each item listed herein.” Mrs. Neuhoff testified that it was customary for them to place an accumulation of coats with a storage company, subject to its insurance coverage, the cost of which would be reflected in the storage charges to be paid by the Neuhoffs. Fraud must be proved (Titterington v. Colvin, 270 N. Y. 321). Plaintiff failed to establish that defendants lacked an intention to insure her coat at the time when the receipt was given to her, containing the statement that the coat would be insured. The second cause of action should have been dismissed.
The question remains to be considered which defendant is liable to plaintiff for conversion, or whether both defendants are liable. The defendants are Samuel Neuhoff Furs, Inc. and Samuel Neuhoff, individually doing business as Neuhoff Furs.
The witness for defendants succeeded in leaving in some confusion the identity of the person or corporation that received this coat froto, plaintiff. Plaintiff herself testified that she delivered her coat to Mrs. Samuel Neuhoff at defendants’ place of business at 363 7th Avenue, in the borough of Manhattan, in New York City. Mrs. Neuhoff testified that upon that day she was in London, England, but arrived in New York City on the next day by airplane. The storage receipt issued to plaintiff is signed in the name of Samuel Neuhoff Furs, per *601 Samuel Neuhoff, per Doris. A girl named Doris was the bookkeeper. The business known as Samuel Neuhoff Furs was not a corporation, but bore this name under which Samuel Neuhoff did business personally. He was presented with this storage receipt upon his examination before trial, and testified: “ Q. Is this your receipt No. 229 issued by your firm Samuel Neuhoff Furs? A. Yes.” This admission against interest sufficiently indicates that the storage receipt, thus issued, was binding upon him individually. The evidence sustains the further conclusion that, after having been received by Samuel Neuhoff personally, this coat came into the possession of Samuel Neuhoff Furs, Inc., and that Mrs. Neuhoff was acting for that corporation when possession of the coat was transferred by her to Yedwald. Yedwald’s receipt ran to Samuel Neuhoff Furs, Inc. Both defendants were therefore properly held for conversion.
The action is properly brought in the name of plaintiff instead of by her insurance company, which has paid but part of her loss.
The judgment appealed from should be affirmed as against both defendants, with costs, upon the theory of conversion..
Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ., concur.
Judgment unanimously affirmed upon the theory of conversion, with costs.