Arthur Wachtbl, J.
Plaintiff, a tenant of a certain apartment in building premises owned by the defendant, sues the landlord for conversion of certain furniture, clothing and personal articles. She contends that in August, 1960, she went south to visit an ailing .sister; that while she was there defendant leased her apartment to a third person on October 1, 1960, although the plaintiff’s rent had been paid up to October 24, I960; that upon her return on November 7, 1960, she was unable to obtain access to the apartment, the lock had been changed and as a result she was deprived of possession of her property which had been in the apartment at the time she left.
The jury rendered a verdict for the plaintiff in the sum of $550. Defendant moved to set aside the verdict. There was a direct conflict in the testimony as to whether the landlord did lease plaintiff’s apartment to a third person on October 1. The landlord contended he leased her apartment on November 1. However, implicit in the jury’s verdict is the finding of fact that the landlord did lease the apartment on October 1, but defendant attacks the verdict on the ground that there was no proof of conversion of the plaintiff’s property because plaintiff and her witness, both on direct and cross-examination, stated they did not see defendant or any person employed by it, convert said personal property. However, “ ' It is not necessary to a conversion that there should be a manual taking of the thing in action by the defendant; it is not necessary that it should be shown that he has applied it to his own use. Does he exercise a dominion over it in exclusion or defiance of the plaintiff’s right? If he does, that in law is a conversion, be it for his own or another person’s use,’ even though there be no manucaption or asportation.” (2 Cooley, Torts [4th ed.], § 331, p. 499 and cases there cited. See, also, Laverty v. Snethen, 68 N. Y. 522, 524; Mendelson v. Boettger, 257 App. Div. 167, affd. 281 N. Y. 747; and cf. Lewis v. Ocean Nav. & Pier Co., 125 N. Y. 341.)
The court instructed the jury on the law of conversion. They found that plaintiff sustained her burden of proof and the evidence is sufficient to support their verdict. Motion is denied.