[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Robert Sansone, Sr., hereinafter (Sansone) alleges he was the owner of a 1979 International 5000 Paystar Tri Axle Dump Truck. ("the Truck") and that the defendant, Robert Caprio, Jr., hereinafter (Caprio) without permission operated the Truck to dump dirt, i.e., fill to his sisters house when he caused the dump truck to tip and roll over CT Page 10902 down a hill causing severe damage to the Truck. Sansone alleges that Caprio was negligent and that the negligence and carelessness of Caprio caused the damage.
The Second Count of the complaint essentially alleges that Caprio converted the Truck to his own use and that Sansone was deprived of the use and enjoyment of the Truck.
As to the Second Count Sansone argues that the unauthorized taking of the Truck without permission of the rightful owner constitutes conversion. Caprio cites Faulkner v. Samperi, 190 Conn. 412, 419 (1983).
 "`Conversion is usually defined to be an ownership over goods belonging to another, to the exclusion of the owner's rights. Laverty v. Snethen, 68 N.Y. 522
[1877]. It is some unauthorized act which deprives another of his property permanently or for an indefinite time; some unauthorized assumption and exercise of the powers of the owner to his harm.'"
In this case from the evidence adduced Caprio testified that Cornelius Sansone gave him permission to use the Truck and since the Truck was on the farm of Cornelius', he had no reason to believe that Cornelius did not have authority to give him permission to use the Truck. Caprio testified that Sansone saw him fueling the Truck and that Sansone told Caprio if he was going to use the Truck then Caprio should at least cut the plaintiff's grass in return.
The court finds that the plaintiff failed to meet his burden of proof that Caprio took the Truck with the intention not to return it after using it for the purpose for which he borrowed the Truck. There was no intention by his actions to permanently appropriate the Truck or to deprive the owner of his rightful use.
Caprio, after the accident where the Truck rolled over, had it righted and brought it back to the Sansone farm. Accordingly, judgment is entered for the defendant as the Second Count.
As to the First Count, the defendant argues that the plaintiff did not meet his burden of proof of the alleged negligence. The court disagrees with the defendant. Sansone called detective Kenneth Potter, who received the call about a truck accident. Potter went to the scene determined there was no personal injuries and because the Truck tipped over on private property did not make out an incident report. Potter determined Caprio was the driver and the land was sloped dumping the fill and the Truck turned over on its side. Caprio informed Potter he was driving the CT Page 10903 Truck and he would take care of it. Such a statement constitutes an admission of liability.
The plaintiff in this case alleged that the defendant operated the vehicle in a reckless and careless manner and that he failed to keep the vehicle under proper control. His admission to Detective Potter sufficiently supports a finding in favor of the plaintiff as to the First Count.
The issues of damages becomes the principal question in this case.
The plaintiff in this case did not offer sufficient evidence to establish the costs of repair. The court agrees with the argument of the defendant that the plaintiff left to surmise and speculation the costs of repair (See Defendant's Post Trial Memorandum). The only evidence offered by the plaintiff in this case is that the defendant righted the Truck and it was returned to the Sansone Farm at Caprio's expense. The two witnesses to the truck accident testified that the only damage they saw was to the right fender, right and right door. No evidence was offered as to the costs of that repair. The evidence presented by the plaintiff in this case sufficiently established that the salvage value in this case exceeds the actual value of the Truck.
The plaintiff failed to show the cost of the damage.
Accordingly, Judgment in favor of the defendant as to the First count in the amount of one dollar.
Fank S. Meadow, Judge Trial Referee.