[No. 12710.    Department Two. — February 10, 1892.]

PATRICK WELCH, APPELLANT, v. EMIL MOHR, RE-
SPONDENT.

BAILMENT — HIRING OF CONVEYANCE — DRIVING BEYOND AGREED DESTINA-
TION — LIABILITY OF BAILEE FOR LOSS — CONVERSION. — If a horse and
buggy are hired to be driven to a specified place, a driving of several
miles beyond that place is in violation of the bailment, and the bailee is
liable as for a conversion, in case of death of the horse, or failure to re-
turn it, as the result of such improper driving.

ID. — AGREEMENT — PLACE OF DESTINATION — CONFLICTING EVIDENCE. —
In an action by a livery-stable keeper to recover damages for the loss of
a horse hired by the defendant, and alleged to have been driven by him
several miles beyond the place to which he had promised to go, where it
clearly appears from the evidence that the minds of the parties did not
meet as to any particular place to which the horse was to be driven, and
the evidence on that point is substantially conflicting, a verdict in favor
of the defendant will be affirmed.

APPEAL from a judgment of the Superior Court of
Santa Clara County, and from an order denying a new
trial.

The facts are stated in the opinion.

*T. H. Laine*, for Appellant.

*W. B. Hardy*, for Respondent.

FITZGERALD, C. — This action was brought to recover
damages for the loss of a horse hired by plaintiff to the
defendant, and alleged to have been driven by him sev-
eral miles beyond the place to which he had promised
to go, and while being so driven by the defendant the
horse died.

The defendant answered by a general denial. The
case was tried by a jury, resulting in a verdict and judg-
ment for defendant for costs.

The case comes here by appeal from the judgment and
the order denying plaintiff's motion for a new trial.

The only question presented for decision by this ap-
peal is, whether the horse and buggy were let to the
defendant by plaintiff to be driven to a specified place

and return. If so, and the horse was driven to a point beyond that place, such driving was in violation of the bailment and an unlawful conversion, and defendant's failure to return the horse would entitle the plaintiff to recover the value thereof in damages.

It is claimed by appellant, who, it appears, was a livery-man having horses and vehicles to let for hire, that the letting was to drive the horse to Mountain View and return, and no farther, and that, in violation of the terms of the contract, defendant purposely drove to a point five or six miles beyond that place, and on the return drive the horse died, and was never returned to plaintiff or paid for.

It is clear from the evidence that the minds of the parties did not meet as to any particular place to which the horse was to be driven, and as the evidence on that point, which is the only one involved in this appeal, is substantially conflicting, the verdict, under the well-established rule of this court, will not be disturbed.

It therefore follows that the judgment and order should be affirmed.

VANCLIEF, C., and TEMPLE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.