BOLDEWAHN, Appellant, vs. SCHMIDT, Respondent.

*January 14 — February 5, 1895.*

*Conversion of personal property.*

If one who is intrusted with the goods of another for a particular purpose transfers them to a third person without authority it is a conversion, although there was no wrongful intent.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

This is an action of trover brought to recover the value of a note and mortgage and the sum of $450, which the plaintiff claims that the defendant has converted. The plaintiff is a married woman. Her husband, William Boldewahn, was arrested in a civil action and required to furnish bail in the sum of $1,000. For want of bail he was in jail. The plaintiff, in order to have him bailed, gave the money

and assigned the note and mortgage to the defendant to indemnify him for becoming bail for her husband. She took the following receipt for the property so assigned:

"Received this day of *Ernestina Boldewahn* one mortgage, executed by Frank Bruehnmuller in favor of *Ernestina Boldewahn*, and four hundred and fifty dollars, to be held by me as security upon the condition that I sign and become security for the appearance of William Boldewahn at the next term of the circuit court of Winnebago county, and in default of his appearance then the same becomes my property; otherwise the same is to be returned to her.
[Signed]                        " HENRY L. SCHMIDT."

The defendant afterwards gave the money to one Oellerich, who was William Boldewahn's attorney, and under his direction assigned the note and mortgage to the sheriff. Oellerich deposited the note and mortgage and the money with the sheriff in lieu of bail for Boldewahn, and the sheriff paid it into court as provided by the statute in such cases. Boldewahn appeared at the court, and was beaten in the case. The plaintiff then demanded the return of her property from the defendant, and was informed that he no longer had possession of it. This was her first knowledge that any disposition had been made of the property other than her disposition of it to *Schmidt*, as stated. It was also claimed to her that the property would be applied to the satisfaction of the judgment against her husband according to law. Then this action was brought.

On the trial Oellerich testified, in substance, that the plaintiff had directed him to use the money and note and mortgage in any proper way, in order to procure her husband's release on bail. The plaintiff denied that she had employed Oellerich to attend to the matter for her, and that she had given to him, or to any one, authority to make a different disposition of the property from what she had personally made with the defendant, *Schmidt*. This was the issue of ·

Boldewahn vs. Schmidt.

fact which was tried. The trial court in the first place granted a nonsuit. Afterwards it directed a verdict for the defendant. The plaintiff appeals.

For the appellant there was a brief by *F. W. Houghton* and *A. E. Thompson*, and oral argument by *Mr. Houghton*. To the point that the assignment of the note and mortgage to the sheriff was a conversion, they cited *Williams v. Williams*, 55 Wis. 300; *Graves v. Smith*, 14 id. 5; *Laverty v. Snethen*, 68 N. Y. 522; *Steele v. Schricker*, 55 Wis. 134, 139; Edwards, Bailm. § 406; *Williams v. Merle*, 11 Wend. 80; *Everett v. Coffin*, 6 id. 603; *Groat v. Gile*, 51 N. Y. 431; *Marks v. Wright*, 81 Wis. 572.

For the respondent there was a brief by *Finch & Barber*, and oral argument by *Charles Barber*.

NEWMAN, J. Certainly, if the plaintiff's testimony is believed, a conversion is proved. If a person who is intrusted with the goods of another for a particular purpose put them into the hands of a third person, contrary to orders, it is a conversion. A wrongful intent is not essential. It is enough if the owner has been deprived of his property by the act of another assuming an unauthorized dominion and control over it. *Laverty v. Snethen*, 68 N. Y. 522, and the cases cited.

It was a question for the jury whether the testimony of the plaintiff ought to be believed. Clearly, it cannot justly be said that there was no testimony to support her contention, nor that the testimony was insufficient to support a verdict in her favor if the jury believed her testimony. Her testimony certainly was not intrinsically so improbable as that the jury might not be permitted to believe it. It was for the jury to decide, on all the testimony, in whose favor it preponderates. It should not have been taken from the jury.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.