Argued June 16, decided June 24, rehearing denied July 15, 1913.

## GEREN *v.* HOLLENBECK.

(132 Pac. 1164.)

**Bailment—Conversion by Bailee.**

1. Defendant, having custody of plaintiff's automobile only as keeper for plaintiff, by intrusting it to another without plaintiff's knowledge or consent, whereby it was destroyed, was guilty of conversion.

[As to what constitutes a conversion of personal property, see note in 24 Am. St. Rep. 795.]

**Trover and Conversion—Right of Action—Effect of Subsequent Foreclosure of Mortgage.**

2. Plaintiff's right of action for conversion of his automobile by defendant was not destroyed by foreclosure of chattel mortgage on it after defendant had wrecked it, and did not pass to purchaser at foreclosure sale, but remained in plaintiff, with a right in defendant to mitigation of damages merely, on proper pleading, to the extent that the proceeds of the property were applied to plaintiff's benefit by due process of law.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by H. M. Geren against Edgar Hollenbeck. The substance of the complaint is that about June 10, 1910, plaintiff was the owner and entitled to the possession of an automobile of the value of $3,000, which the defendant at that time converted to his own use, to the damage of the plaintiff in that amount.

The defendant answered, denying all the allegations of the complaint. Although disputed, there was some testimony tending to prove the allegations of the complaint. The testimony on the plaintiff's behalf tended to show that, without her consent or knowledge, the defendant, who had custody thereof only as keeper for plaintiff, had intrusted the possession of the car to a man who, while driving it at a reckless rate of speed, ran it off a trestle between Portland and Vancouver into a slough, which utterly wrecked the car. On the cross-examination of the plaintiff over the objection of her counsel that the same was not proper cross-examination, irrelevant and immaterial, it was elicited from her that there was a chattel mortgage on the car, which had been foreclosed subsequent to the alleged conversion. Under these circumstances the Circuit Court directed a verdict for the defendant, and from the ensuing judgment thereon the plaintiff appeals.

REVERSED.

For appellant there was a brief over the names of *Mr. Henry J. Bigger* and *Mr. Jay Bowerman,* with an oral argument by *Mr. Bigger.*

For respondent there was a brief over the names of *Messrs. Moser & McCue,* with an oral argument by *Mr. John C. McCue.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1, 2. We must accept as a postulate that there was evidence tending to prove that, without the knowledge or consent of the plaintiff, the defendant gave the automobile into the possession of a man who wrecked it. It remains to determine the effect of the subsequent foreclosure of a chattel mortgage upon the car.

The disposition of the property contrary to the terms of his custody thereof, whereby the property was destroyed, constituted a conversion of it as respects the plaintiff, whose cause of action was complete at that time. This right of action is not appendant to the title to the property, which would follow it, as an appurtenance would accompany real property. Although the mortgage was subsequently foreclosed on the remnants of the machine, that could not operate to destroy the preceding cause of action, and would not convey to the purchaser at the foreclosure sale the right to institute an action for the conversion, which occurred while the plaintiff here held the title. The satisfaction of a judgment for the conversion of property will carry the title of the property to the defendant as the same stood in the plaintiff at the time of the conversion. Here the plaintiff has done nothing, subsequent to the conversion, to change her relation to the title. Having converted to his own use her estate in the chattel, it will not avail the defendant, without some further action on the part of the plaintiff, that the property was burdened with a condition which might defeat the title accruing to him by reason of the conversion and satisfaction of a judgment therefor.

The better reason is that if, in fact, the proceeds of the property were subsequently applied to the benefit of the plaintiff by due process of law, her damages might be abated by so much; but it must be made the

subject of a pleading, and would not operate to bar the cause of action, unless the full value of the property as it stood at the time of the conversion was realized from the subsequent sale and applied to the use of the plaintiff. This principle of mitigation of damages, as distinguished from a bar to the action, is recognized in *Morrison* v. *Crawford,* 7 Or. 472.

The court was in error in deciding that the subsequent foreclosure on the wreck of the machine barred the plaintiff's cause of action for the previous conversion. We do not undertake to decide the ultimate question of fact as to whether or not there was a conversion, but we hold that the cause should have been submitted to the jury, and a directed verdict was erroneous.

The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.     REVERSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.