## Ella Dolphin, Defendant in Error, v. Louis B. Davis, Plaintiff in Error.

### Gen. No. 18,148.

1. BAILMENTS, § 13*—*liability of bailee for conversion when article stolen from third party.* Where a fur manufacturer is entrusted with a fur cape out of which he agrees to make a muff and collarette but sends the cape to a third person to do the work, and the cape is stolen from the store of such third person, *held* that the manufacturer was liable for conversion.

2. BAILMENTS, § 13*—*when bailee liable for conversion.* Where the article bailed is used in a different manner or for a longer time than was agreed by the bailor, the bailee is guilty of conversion and answerable for all damages, and even for a loss which due care could not have prevented.

3. TROVER AND CONVERSION, § 39*—*presumptive evidence of conversion.* Refusal of a fur manufacturer to deliver a cape to the bailor on demand is presumptive evidence of conversion, where he falsely states his grounds for refusal to deliver.

4. MUNICIPAL COURT OF CHICAGO, § 14*—*evidence in action for conversion.* An action of tort under the Municipal Court Act, J. & A. ¶¶ 3313 *et seq.* for the conversion of personal property is governed by the same rules of evidence as an action of trover at common law.

Error to the Municipal Court of Chicago; the Hon. JOSEPH Z. UHLIR, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed November 3, 1913.

**Statement by the Court.** The defendant Davis had a store in Chicago where he manufactured and sold fur garments. November 10, 1910, the plaintiff, Ella Dolphin, delivered to him a fur cape, out of which it was agreed he should make a muff and a collarette within the next two weeks. Defendant sent the cape to his brother, a furrier at Oak Park, to do the work he had agreed to do and November 27 the store of his brother was entered by burglars and the cape stolen. Plaintiff called on defendant for the cape several times during December, January and February, but although defendant knew that the cape

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

had been stolen he in answer to her demands said that he had been too busy to do 'the work and did not inform her until February 26 that the cape had been stolen. He testified on the trial that the reason he did not tell plaintiff that her cape had been stolen was that the Oak Park police officers asked him to say nothing about the burglary. Plaintiff brought an action against defendant in the Municipal Court and in her statement of claim alleged that the defendant converted to his own use said fur cape. Plaintiff had a verdict for one hundred and seventy-five dollars damages, the plaintiff remitted seventy-five dollars and had judgment for one hundred dollars and costs, to reverse which the defendant prosecutes this writ of error.

PETER SISSMAN, for plaintiff in error.

ARTHUR A. BASSE, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

An action of tort for the conversion of personal property under the Municipal Court Act (J. & A. ¶¶ 3313 et seq.) is governed by the same rules of evidence as an action of trover at common law. The bailment was one in which the bailee was hired by the bailor to perform labor on the article bailed and was a bailment for the benefit of both parties. The rule of law is that if the article bailed is used in a different manner or for a longer time than was agreed by the bailor, the bailee is guilty of conversion and is answerable for all damages, and even for a loss which due care could not have prevented. *Raynor v. Sheffler*, 79 N. J. Law 340; *Hall v. Corcoran*, 107 Mass. 251; *Towne & Co. v. Wiley*, 23 Vt. 355; 3 Amer. & Eng. Encyc. of Law, 752; Edwards on Bailments, sec. 381; Addison on Torts (Wood's Ed.) 496.

"If a person who is intrusted with the goods of another for a particular purpose put them into the hands of a third person, contrary to orders, it is a conversion. A wrongful intent is not necessary. It is enough if the owner has been deprived of his property by the act of another assuming an unauthorized dominion and control over it." *Boldewahn v. Schmidt,* 89 Wis. 444.

In the case at bar plaintiff testified that defendant said he would do the work on the furs himself. The defendant denied that he used the words testified to by the plaintiff, but admitted that he said he would make the muff and have it ready in two weeks, and did not testify that anything was said about sending the cape to a third person to do the work. In the leading case of *Laverty v. Snethen,* 68 N. Y. 522, where the plaintiff delivered to the defendant an indorsed note of a third person to be negotiated and the proceeds or the note returned the next day, the defendant delivered the note to one Foote, with whom he was negotiating about buying the note, under the promise that he would get it discounted and return the avails to the defendant. Foote had the note discounted, but appropriated the avails to his own use. Church. Ch. J., said (p. 525):

"The act of permitting the note to go out of his possession and beyond his reach was an act which he had no legal right to do. It was an unlawful interference with the plaintiff's property which resulted in loss, and that interference and disposition constituted, within the general principles referred to, a conversion, and the authorities I think sustain this conclusion, by a decided weight of adjudication. A leading case is *Syeds v. Hay* (4 T. R. 260), where it was held that trover would lie against the master of a vessel who had landed goods of the plaintiff contrary to the plaintiff's orders, though the plaintiff might have had them by sending for them and paying the wharfage. Butler, J., said: 'If one man who is intrusted with the goods of another put them into the

hands of a third person, contrary to orders, it is a conversion.' "

From the evidence the jury might properly find that the defendant, in violation of his agreement with the plaintiff, put the cape into the hands of a third person and this was a conversion.

Again, the defendant when plaintiff made a demand for her cape did not put his refusal on the ground that he had given the cape to his brother to do the required work and the cape had been stolen, but falsely stated that he had been too busy to do the work, and the refusal to deliver the cape under such circumstances is presumptive evidence of conversion. *Ingalls v. Bulkley*, 15 Ill. 224; *Hall v. White*, 3 Carr. & P. 136, 14 E. C. L. 490.

The judgment must be affirmed.

*Judgment affirmed.*