---

(No. 12495.—Reversed and remanded.)
CHARLES FRITZ, Defendant in Error, *vs.* THE F. W. HOCHSPEIER COMPANY, Plaintiff in Error.

*Opinion filed April 15, 1919.*

1. BAILMENTS—*owner is not liable if bailee for special purpose uses property for a different purpose.* The bailee has the right to make such use of the property bailed as is in accordance with the contract, but if a bailee for a special purpose uses the property for another purpose he is liable as for a conversion, and if the use occasions injury or damage the owner is not liable.

2. NEGLIGENCE—*when driver is not agent of owner of a hired vehicle.* If a hired vehicle is used for a purpose different from that stipulated in the contract of hire the driver is not the agent of the owner in using the vehicle at the direction of the hirer.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

BATES, HICKS & FOLONIE, (W. J. WELDON, and ROBERT J. FOLONIE, of counsel,) for plaintiff in error.

OSCAR C. MILLER, (MUNSON T. CASE, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The defendant in error, Charles Fritz, sued the plaintiff in error, the F. W. Hochspeier Company, together with the Chicago Railways Company, the Chicago City Railway Company, the Chicago Surface Lines and August Hinze, in an action of trespass on the case for damages resulting from a personal injury sustained by a collision of a street car with an automobile in which the defendant in error was riding. The automobile had been hired by a society, the Schwaben Verein, from Hinze to carry a party, of which the defendant in error was a member, to a funeral at Montrose Cemetery, and Hinze had hired the automobile from the Hochspeier Company to fill the contract. The automobile was under the charge and control of Louis Neuman, a chauffeur in the employ of the Hochspeier Company, and that company and Hinze were charged with liability for the damages suffered by the defendant in error upon the ground of negligence of the chauffeur, Neuman, and the railroad companies were charged with joint liability by reason of the alleged negligence of their employees in the operation of the street car. The Hochspeier Company filed a plea of not guilty and a special plea denying possession or control of the automobile at the time of the accident or that Neuman was then the servant of that company. There was a trial, resulting in a verdict of not guilty as to all the defendants except the Hochspeier Company and a verdict of guilty against it. The damages were assessed at $2500 and judgment was entered on the verdict. The Hochspeier Company prosecuted an appeal to the Appellate Court for the First District, which affirmed the judgment, and this court granted a writ of certiorari, and the record is in this court as a return to a writ of error.

In May, 1915, August Hinze owned and operated a garage in Chicago, where he conducted a general garage

and livery business, storing and hiring out automobiles. His sons, Frank Hinze, William Hinze and August Hinze, Jr., were employed at the garage, and Frank was the manager. The plaintiff in error, the Hochspeier Company, conducted an undertaking business at another locality and also rented automobiles for funerals and other purposes. Two large automobiles of the plaintiff in error, used principally for funerals, were kept at the Hinze garage, where they were cared for, and employees washed and cleaned them at night. Louis Neuman was the chauffeur for plaintiff in error who drove one of the cars, and when not employed in running the car he stayed at the garage ready to answer a call. August Hinze and plaintiff in error were members of the Chicago Motor Liverymen's Association, and by a rule of that association when a member received an order for an automobile which he was unable to fill he was required to turn the order over to another member. There was a list of prices furnished each member, and where an order was turned over by one member to another, the member receiving the order made a bill for the charge to the customer and the member who furnished the car rendered his bill to the member who took the order. If the bill was paid within thirty days the member taking the order retained ten per cent of the list price and paid the member filling the order ninety per cent. Hinze was a member of the society the Schwaben Verein, and its rule was to hire automobiles from its own members. On May 29, 1915, Hinze had several orders for automobiles for the next day, May 30, which was Memorial day, and one order was from the secretary of the Schwaben Verein for a limousine to Montrose Cemetery, to be sent to the North Side Turner Hall for members of the society. The order was received by Frank Hinze, who testified that he told the secretary that all their limousines were busy but he would get him one. The secretary contradicted Frank Hinze in that particular, and testified that he had no notice that Hinze would

not send his own car and never ascertained before the accident that the automobile did not belong to Hinze. By direction of Frank Hinze, August Hinze, Jr., telephoned to the office of plaintiff in error and engaged two automobiles. The order was received by Catherine Feller, an employee in the office, and she testified that they were ordered to go to Forest Home Cemetery the following day, May 30, for a funeral; that she had no information before the accident that the car was to be sent to Montrose Cemetery, and that she had before her a memorandum book in which she made a memorandum at the time. August Hinze, Jr., testified that he engaged the cars for a funeral but no one in particular, and did not give any location to which they were to go. On May 30 one of the cars used was hired for the Schwaben Verein funeral, and the chauffeur, Louis Neuman, was directed to go to the North Side Turner Hall and pick up the society and then go to the house of the funeral and thence to Montrose Cemetery. Forest Home Cemetery is on the west side of Chicago and Montrose Cemetery is in a different direction, at North Crawford avenue. Returning from the funeral there was a collision at Wilson and Crawford avenues between the automobile and a street car and the defendant in error was injured.

As between the defendant in error and the street railway companies, the rights, duties and liabilities of the parties arose out of the concurrent use of a public street crossing, but as between the defendant in error and the other parties, such rights, duties and liabilities were governed by the contract and arose out of it. The only question involved here is whether, in ruling upon such rights, the court committed error prejudicial to plaintiff in error. The verdict was in favor of the other defendants to the suit, and whatever may be said must not be understood as relating in any way to either of them. The contract between Hinze and plaintiff in error was a bailment for hire, and the law fixes the right of the parties to such a bailment. The bailee

287 — 37

has the right to make use of the thing in accordance with the contract, but he has no right to make use of it in any other way or for any other purpose. If a bailee for a special purpose uses the property for another purpose he is liable as for a conversion, and if the use occasions injury or damage the owner is not liable. If a hired vehicle is used for a purpose different from that stipulated in the contract the driver is not the agent of the owner in using it at the direction of the hirer. *DeVoin* v. *Michigan Lumber Co.* 64 Wis. 616; *Coggs* v. *Bernard,* 2 Lord Raym. 915; *Geren* v. *Hollembeck,* 66 Ore. 104; *Fail & Miles* v. *McArthur,* 31 Ala. 26; *Cartlidge* v. *Sloan,* 124 id. 596; *Bryant* v. *Wardel,* 2 Exch. 479; *Malone* v. *Robinson,* 77 Ga. 719; *Columbus* v. *Howard,* 6 id. 213; *Freeman* v. *Boland,* 14 R. I. 39; *Welch* v. *Mohr,* 93 Cal. 371; *Moore* v. *Hill,* 62 Vt. 424; *Frost* v. *Plumb,* 40 Conn. 111; *Hall* v. *Corcoran,* 107 Mass. 251; *Johnson* v. *Weedman,* 4 Scam. 495; *Palmer* v. *Mayo,* 80 Conn. 353; 12 Ann. Cas. 691, and note; 3 R. C. L. 109; 6 Corpus Juris, 1115.

The plaintiff in error claimed that the automobile was hired to go to Forest Home Cemetery, on the west side of Chicago, and that in violation of the contract it was sent in a different direction to Montrose Cemetery on the north side, and offered the testimony of the employee who took the order to prove the fact alleged. If the contract was that the automobile was to go to Forest Home Cemetery, Hinze, as bailee, had no right to make use of it in any other way or for any other purpose, and the plaintiff in error would not be liable for any damages resulting from the unauthorized use of the automobile. If the automobile had gone to Forest Home Cemetery the accident at North Crawford and Wilson avenues would not have occurred.

The plaintiff in error asked the court to give the jury instruction No. 8, as follows:

"The jury are instructed that if you believe from the evidence that Louis Neuman was at the time of injury to

plaintiff herein complained of, in the general employ of F. W. Hochspeier Company, and that August Hinze had by his authorized employee hired from F. W. Hochspeier Company said Louis Neuman and automobile to attend a funeral at Forest Home Cemetery, and that August Hinze by his authorized employee diverted said automobile and driver to another funeral to Montrose Cemetery without knowledge or consent of F. W. Hochspeier Company, and if you further believe from the evidence that Louis Neuman with said automobile did go to Montrose Cemetery, and while returning therefrom with plaintiff in said automobile collided with a street car and injured plaintiff, then you must find defendant F. W. Hochspeier Company not guilty."

The instruction stated the correct rule of law and was applicable to the evidence and the issue raised by the special plea, but it was refused. The plaintiff in error had a right to have the jury advised as to the law in case they believed the testimony of the employee of the plaintiff in error who took the order, and it was error to refuse the instruction. Neuman was in the general employment of plaintiff in error as chauffeur, and if he was in the service of his employer within the terms of the contract, plaintiff in error would be liable for any negligence on his part in the management of the automobile but would not be responsible for wrongful assumption of direction and control by Hinze in violation of the contract.

Other instructions were refused, but the first one complained of was given in another, and the others were either incorrect or not applicable to the case.

The judgments of the Appellate Court and superior court are reversed and the cause is remanded to the superior court.     *Reversed and remanded.*