# Hercules Powder Company, Appellant, v. M. A. Rowan, Appellee.*

1. SALES—*written contract not alterable by parol agreement.* An order for goods signed by the buyer and accepted in writing by the seller was a written contract of sale which could not be altered or varied by any oral agreement of the seller's agent to send the goods on consignment with privilege of returning unused goods.

2. SAVING QUESTIONS FOR REVIEW—*necessity of objecting to incompetent evidence.* The Appellate Court will not hear complaints of evidence of parol agreements to vary a written contract of sale, which should not have been admitted, in the absence of an objection to the admission of the evidence at the trial.

3. SALES—*no consideration to support modification of contract.* A mere written statement sent by seller to buyer, not signed by anyone, purporting to modify a sales contract by making it a consignment of which any unsold part could be returned, being without consideration could not be upheld as a modification of the contract.

4. SALES—*effect of statement later than contract.* Letters written by a seller's agent long after the contract of sale had been made should not be admitted in evidence to vary the terms of such written contract in action by the seller to enforce payment thereunder.

5. BAILMENTS—*consignment with privilege of returning unused or unsold part, constitutes.* A consignment of goods by a seller to a buyer with the privilege to the latter of using or selling what he wished and paying for same at the market price when so used and of returning the balance, constitutes a bailment of the goods.

6. BAILMENTS—*acts constituting termination.* Any attempt on the part of a bailee to part with possession or title of the subject matter of a bailment, whether by transferring them to another contrary to orders, even without wrongful intent, or by use for another purpose than

* Received from clerk of Appellate Court, August 8, 1927.

the special purpose of the bailment, or by unauthorized sale, or by use in a different manner, or for a different purpose, or for a longer period than agreed, puts an end to the bailment.

7. BAILMENTS—*how bailee held liable for conversion.* A bailee who has converted the subject of a bailment may be made liable for its value in an action of assumpsit.

8. BAILMENTS—*necessity of tendering unused consignment to bailor.* One who has received from another a consignment of goods on the understanding that he is to use what he can at the market price at the time of use and return unused goods must show a tender of unused goods to the bailor to excuse nonpayment therefor.

9. INSTRUCTIONS—*without basis in evidence as erroneous.* Instructions given in an action to recover the purchase price of goods on the matter of tender of unused goods to the seller without evidence of such tender were erroneous.

Appeal by plaintiff from the Circuit Court of Gallatin county; the Hon. J. C. KERN, Judge, presiding. Heard in this court at the October term, 1923. Reversed and remanded. Opinion filed March 10, 1924.

JOSEPH BARTLEY, for appellant.

C. K. ROEDEL, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee was operating a coal mine at Equality and gave appellant a written order for 800 kegs of powder at $2.05 per keg. The order was accepted, the powder shipped and received but never paid for. This suit was brought to recover the purchase price. The trial resulted in a verdict and judgment for appellee.

Appellant contends that as the order was signed by appellee and accepted in writing by appellant it was a written contract which could not be altered or varied by parol evidence; that the court erred in allowing appellee to testify that appellant's agent agreed to ship the powder on consignment with the privilege to pay for what he used, at the market price when used, and to return the balance. If an objection had been interposed and overruled it would have been reversible

error. *Vierling v. Iroquois Furnace Co.*, 170 Ill. 189. Appellant allowed the evidence to go to the jury without objection and is in no position to complain.

Appellee's Exhibit "1" was admitted in evidence over objections. It purports to be a statement sent by appellant to appellee showing that the transaction was not a sale but a consignment. The written contract was a contract of sale and if we assume that the exhibit was genuine there was no consideration to support a modification of the contract. The exhibit was not signed by anyone. If it were to appellee's interest to insist the transaction was a sale the exhibit would be incompetent. We think it is equally incompetent as against appellant.

Appellee's Exhibits 3, 5 and 7 were self-serving declarations by appellee and were not competent evidence. His Exhibits 6 and 8 are letters written to him by appellant's agent long after the contract had been made and should not have been admitted in evidence.

If it were proper to receive the testimony of appellee as to what he claims the contract was, can it be said that he has shown a defense to this suit? On his theory of the case the powder was received on consignment with the privilege to him to pay for what he used, at the market price when used, and to return the balance. Such a transaction is bailment. 6 C. J. 1095; 24 R. C. L. 449. The same would be true if he was authorized to sell and return what was not sold. *Lenz v. Harrison*, 148 Ill. 598. Appellee proved that he sold a part of the powder and the evidence shows that he turned the balance over to the Turns Coal Company, without authority from appellant.

Any attempt on the part of a bailee, by sale or otherwise, to part with the title or possession of the subject matter of the bailment constitutes a conversion thereof and is regarded as putting an end to the bailment. 3 R. C. L. 112. If a bailee, intrusted with the goods of the bailor for a particular purpose, puts them

into the hands of a third person, contrary to orders, it is a conversion. A wrongful intent is not necessary. It is enough if the owner has been deprived of his property by the act of another assuming an authorized dominion and control over it. 3 R. C. L. 118; *Boldewahn v. Schmidt,* 89 Wis. 444.

If a bailee for a special purpose uses the property for another purpose he is liable as for a conversion. *Fritz v. F. W. Hochspeier Co.,* 287 Ill. 574. An unauthorized sale is a wrongful conversion. *Taylor v. Welsh,* 138 Ill. App. 190. If the article bailed is used in a different manner, or for a different purpose, or for a longer period than was agreed, the bailee is guilty of conversion. *Dolphin v. Davis,* 183 Ill. App. 118; 3 R. C. L. 109. Where property has been converted by a bailee he is liable to the bailor for its value in an action of assumpsit. *Ives v. Hartley,* 51 Ill. 520; *Mayer v. Springer,* 192 Ill. 270–276.

By his given instructions appellee recognized the fact that it was his duty to tender to appellant the powder that was not used. He made no proof of a tender. The nearest approach thereto was a suggestion that he was turning the mine over to Turns Coal Company, and that appellant should protect its interest by a replevin suit, or otherwise. Mr. Turns testified that the powder was turned over to his company and this was not contradicted by appellee. There was no evidence on which to base instructions in regard to a tender and the instructions should not have been given. In any view of the case appellee failed to show that he has any defense and a new trial should have been granted.

For the reasons aforesaid the judgment is reversed and the cause remanded.

*Reversed and remanded.*