Public Coal Company *v.* Continental Casualty
Company, Appellant.

Argued October 5, 1939.

*Henry S. Ambler,* with him *Frank R. Ambler,* for appellant.

*Thomas E. Comber, Jr.,* with him *Otto W. Woltersdorf,* for appellee.

OPINION BY HIRT, J., January 30, 1940:

Defendant issued a policy insuring the plaintiff against loss from liability imposed by law on account of bodily injury accidentally suffered by any person, other than an employee of assured, "while within or upon the premises described in the schedule [in the policy] ...... while such premises are being used or occupied by the assured for the purpose of conducting the business or work described in the schedule." On June 23, 1935, during the term of the policy, one Thaddeus Sokolis, not an employee of the plaintiff, fell from a trestle in one of plaintiff's coal yards covered by the policy, and was severely injured. By the terms of the contract the defendant was obliged "to defend for the assured any suits, even if groundless, brought against the assured to recover damages for which indemnity is payable" under the policy. Sokolis brought suit against the coal company; the defendant casualty company refused to defend the action and the coal company was

obliged to engage counsel to conduct its defense, at an expense of $1,000 for attorney fees. The trial of that action resulted in a compulsory non-suit. The case before us on this appeal involves the question of the liability of the defendant insurance company to pay to the plaintiff the attorney fees incurred by it in defending that action. The jury found for the plaintiff in the sum of $1,065.

Plaintiff was described in the schedule of the policy as Coal, Fuel, and Material Dealers, at 4th Street and Allegheny Avenue, and 3242 North 21st Street in the City of Philadelphia. Its business was seasonal and from the latter location, the yard where the injury occurred, the last actual sale and delivery of coal for the season was made on April 16, 1935. During the summer months plaintiff's principal business activity consisted in accumulating and storing supplies of coal in both yards for sale and delivery in the fall and winter months. Until April 16, 1935, the plaintiff had a full staff of employees at the 21st Street yard but on the close of the selling season on that date, removed them all except a watchman who lived on the second floor of an office building on the premises. On the evening of June 23, 1935, the watchman entertained a number of friends, among them, Sokolis. On the trial of the action brought by Sokolis against the coal company it was developed that during the night, he wandered outside of the building to which he had been invited by the watchman, and he was denied recovery for the reason that he was a trespasser on the trestle where he was injured.

The refusal of the lower court to enter judgment for the defendant n. o. v. raises two questions in this appeal. 1. Was notice of the injury eight months after it occurred, a sufficient notice to the defendant under the policy? 2. Were the premises being used or occupied by the assured at the time of the injury, for the purpose of conducting its business?

The fact that the watchman knew of the accident was not notice to his employer, the coal company, under the circumstances. There were reasons for his concealing the fact of the injury. It was his duty as watchman to prevent anyone from going on the part of the premises where Sokolis was injured and the watchman failed to perform his duty in this respect. Since his interest, in concealing his breach of duty and the fact of the injury, was adverse to the interest of his employer, his knowledge of the injury was not notice to the plaintiff: *Bailey v. Jacobs*, 325 Pa. 187, 189 A. 320.

The policy imposed upon the plaintiff the duty of giving immediate notice to defendant of any accident contemplated by the insurance contract. But the requirement, that notice of an accident be given immediately, is satisfied if notice is given within a reasonable time under the circumstances of the case. The fact that eight months elapsed before the notice in this case, is not of controlling importance, if notice was given by plaintiff immediately after learning of the injury: *Curran v. Nat'l L. Ins. Co.*, 251 Pa. 420, 96 A. 1041; *Peoples Accident Ass'n v. Smith*, 126 Pa. 317, 17 A. 605. The contract may be modified "so as to give it equitable adaptation to unanticipated events": *Trask v. State Fire & Mar. Ins. Co.*, 29 Pa. 198. Plaintiff's president testified that he first learned of the injury in March 1936 when Sokolis' attorney wrote the coal company threatening suit and that he immediately notified defendant's agent by telephone, followed by notice by mail. The watchman, on the contrary, testified that he told an officer of the coal company of the accident two days after it occurred. His credibility however is affected by a reference to a written statement given by him in which he said that he first told plaintiff of the accident in March 1936. The question, therefore, whether plaintiff complied with the policy by giving notice to the defendant immediately after it knew of the accident was one for the **jury.**

As to the second question, the language of the policy is unambiguous. The defendant is liable if the accident occurred "while the premises were being used or occupied by the assured for the purpose of conducting the [its] business." On the premises plaintiff maintained a trestle, a number of flight conveyors for unloading coal from cars and a large conveyor enclosed in the building for distributing coal into bins, and other tools. There was a sign on the office building advertising the plaintiff's business and the office contained the usual equipment. The testimony of plaintiff that the yard was closed down for the summer is not decisive of the question. The sale of coal was the ultimate purpose of plaintiff's business but the fact that there were no sales during an off period of a seasonal business is not evidence of abandonment. The premises were in the possession of the plaintiff, fully equipped for its business. In this connection, the president of plaintiff company testified: "We had coal, telephone, electric lights, stationery, our name on the door ready to do business, ready to purchase coal. As a matter of fact, the type of business we conduct, we purchased our coal in the summer and stock it for the winter, and we were during that period of time in the process of negotiating to fill the yard at Allegheny Avenue out of the yard at Twenty-first Street." He further testified that the plaintiff company did not cease operations there until after it sold the lease to another coal company in the fall. The question of use or occupancy as restricted by the policy was submitted to the jury who found for the plaintiff under all of the evidence. This question might have been decided in favor of the plaintiff as a matter of law. Certainly, the testimony, read in the light most favorable to plaintiff, discloses no ground for setting aside the verdict. Moreover we find no substantial error in the record justifying the granting of a new trial.

Judgment affirmed.