240 P.2d 224

**HITE v. WORLEY.**

No. 5465.

Supreme Court of New Mexico.

Jan. 25, 1952.

the car to Hite's damage in the net sum of $1,150.

Hite had theretofore purchased the car from Worley under a conditional sales contract which was assigned to a finance company. Hite became delinquent in one payment and, as found by the trial court, he and Worley agreed the car would be placed on Worley's lot for sale by the latter. It was further found Worley sent the porter to Portales with Hite where the latter was entering or attending school, to drive the car back to Roswell and deliver it to Worley, and that the car was so delivered.

Lewis C. Kimmel, Roswell, for appellant.

James T. Jennings, Glenn G. Stiff, Roswell, for appellee.

McGHEE, Justice.

Hite recovered judgment against Worley for damage to an automobile which the trial court found had been delivered to Worley for sale, but which the latter, contrary to his agreement to keep it on his used car lot at all times until sold, had turned over to a porter who was his employee. The employee picked up three companions at a pool hall about midnight, one of whom he claimed was a prospective purchaser, and at about 12:30 a. m., a short distance from Roswell, he wrecked

Testimony by Hite that he had delivered the car to the porter was objected to by Worley on the ground there was no allegation in the complaint touching upon agency of the employee, or the master and servant doctrine. The objection was overruled and Hite was allowed to testify he had delivered the car to the porter in Portales. This ruling is assigned as error, and Worley cites some old cases which he says support his claim. All of them, however, were decided before we adopted our present liberal Rules of Civil Procedure. Rule 8(a), Sec. 19–101(8)(a) N.M.S.A.1941 Comp. reads: "Claims For Relief. A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim shall contain (1) proper allegations of

venue, provided the name of the county stated in the complaint shall be taken to be the venue intended by the plaintiff and it shall not be necessary to state a venue in the body of the complaint or in any subsequent pleading, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded." If a defendant after reading the complaint feels that he needs further light, the rules provide ample remedies, such as the pre-trial conference under Rule 16, Sec. 19–101(16), N.M.S.A. 1941 Comp., or the taking depositions under Rule 26, Sec. 19–101(26), N.M.S.A.1941 Comp., as amended, 1949.

■ The only purpose of an allegation in the complaint that the car was delivered to the servant of Worley instead of to him personally would be to give him an opportunity to meet the issue. Worley does not claim he would have had evidence available to meet the claim had such matter been pleaded. Hite testified Worley sent the porter to Portales to return the car to the used car lot, while Worley testified that he only let the employee leave his work at the request of Hite to drive the car back as an accommodation to Hite. The employee corroborated Worley's testimony to some extent and said he did not return the car to the used car lot but kept it at a filling station across the street. No claim was made that any other person heard the conversation or that any other evidence could be produced had Worley known of such claim. Neither did Worley ask for a postponement so he might secure other evidence. The claim of error on this point is without merit.

■ Worley next claims there is no evidence to sustain the finding of the trial court that he delivered the car to the employee who wrecked it. It is true both Worley and the employee testified the car was never on the car lot or in Worley's possession after it was returned from Portales, and that Worley did not turn the car over to the employee or give him permission to drive it, and no one testified to hearing such permission given. However, there was testimony by an apparently disinterested witness who knew the car and who passed the used car lot on his way to his home a short distance away that the car was on the lot two or three days before it was wrecked. Worley himself testified that all cars on his lot were locked and the keys kept in his office where the porter did not have access to them, and we have the admissions of Worley that although Hite wrote to him several times after the wreck occurred asking what progress, if any, he was making on the sale, Worley did not answer. Impatient

because he had not received a reply to the letters, Hite telephoned Worley and repeated his inquiry, and even then Worley failed to disclose the fact the car had been wrecked. Hite learned of the wreck through a relative. We believe the trial court was warranted, under the facts of the case, in finding that Worley actually delivered the car to the employee who wrecked it at 12:30 a. m. when, as he says, he was demonstrating it to a chance pool hall acquaintance whose last name he did not know.

Finally, Worley says as it was not shown he was to receive any compensation for storing the car or for making a sale, he was a mere gratuitous bailee and he cannot be held liable in the absence of proof showing he was negligent. Proof of such negligence came from his own lips at the trial when he spoke of the employee as a blind man. True, the employee testified he was not blind and that his sight was only deficient, and that employers would not give him a chance for the reason they thought his sight was worse than it was. But it is clear the eyesight of the employee was quite deficient, and turning a car over to him to drive on the highways was itself an act of negligence.

One who makes an unauthorized delivery of an automobile in his possession to a person who wrecks it under the circumstances present in this case is liable to the owner. Geren v. Hollenbeck, 66 Or. 104, 132 P. 1164; Wellberg v. Duluth Auto Supply Co., 146 Minn. 29, 177 N.W. 924; Vol. 7A Blashfield, Cyc. of Automobile Law and Practice (Perm.Ed.), Sec. 5063, P. 602.

The attorney for Worley has argued his cause here with vigor and ingenuity, but the facts and law are against him.

The judgment will be affirmed and it is so ordered.

LUJAN, C. J., and SADLER, COMPTON and COORS, JJ., concur.