Zimmerman, J.,
dissenting. On the facts developed in the trial of this cause, Bunin’s insurer, as subrogee and standing in her shoes, could have brought its action against Goldman the bailee to recover its loss on the basis of conversion. Bunin as bailor, in reliance on Goldman, contracted with him for the storage of her fur coat, and when he, without her knowledge, assent or acquiescence, placed her coat in the hands of and under the control of Paramount, a total stranger to Bunin, the original contract of bailment was violated and terminated, *444 a conversion occurred, and Goldman could have been proceeded against accordingly. See the basic cases of Laverty v. Snethen, 68 N. Y., 522, 23 Am. Rep., 184; and Boldewahn v. Schmidt, 89 Wis., 444, 62 N. W., 177. Of similar import are Dolphin v. Davis, 183 Ill. App., 118; Geren v. Hollenbeck, 66 Ore., 104, 132 P., 1164; and Engels v. Samuel Neuhoff Furs, Inc., 96 N. Y. Supp. (2d), 537, 276 App. Div., 599.
There is nothing in the evidence to indicate that Bunin knew or was advised that it was the custom of Goldman to place fur coats, left with him for storage, in the hands of others for that purpose, nor was any general custom of that kind shown to exist. Compare Wood v. Frank Graham Co., 91 Ga. App., 621, 86 S. E. (2d), 691; and Rourke v. Cadillac Automobile Co. of Boston, 268 Mass., 7, 167 N. E., 231.
Bunin’s insurer elected not to treat Goldman as a converter and pursue him as such but elected to proceed against Paramount on the ground that through its carelessness and neglect the coat was stolen and lost. In my opinion, such procedure was authorized. It is a well recognized general rule of law that one who deals with a bailee in respect to bailed property does so at his peril, and a bailor as the general owner of the property may assert his title in an appropriate action directly against a third person who has come into the possession of the bailed property and has misused or harmed it with resultant damage to the bailor’s reversionary interest. 6 Corpus Juris, 1147 et seq., Bailments, Section 106 et seq.; 8 Corpus Juris Secundum, 313, 372, Bailments, Sections 39, 56; 6 American Jurisprudence, 441, Section 349, and cases cited in the notes.
Often, as here, the action against such third person is predicated on negligence, and the absence of any contractual relationship between the bailor and the one causing the injury is immaterial. Royal Stein, Inc., v. B. C. U. Holding Corp., 127 N. Y. Supp. (2d), 886, 283 App. Div., 700.
In the case of Grossman Chevrolet Co., Inc., v. Enockson (N. D.), 86 N. W. (2d), 644, it is said in the opinion at page 646:
“The question then is: May a bailor maintain an action against a stranger to the bailment, for damages to a bailed chattel caused by a stranger’s negligence? Unquestionably such an action may be maintained.”
*445 It was found by the jury in the instant ease that the theft of the fur coat was attributable to Paramount’s negligence, and it is not in dispute that the actual value of the coat was $1,800; it was insured for that amount and that is the sum paid by the insurer to Bunin.
The original contract of bailment between Bunin and Goldman carried an agreed valuation of $100 on the fur coat. Paramount was wholly unconnected with that transaction and was an unknown and unapproved outsider as far as Bunin was concerned. In this negligence action against Paramount, it is not in a position to assert and rely on thé $100 valuation mentioned above, nor could the $1 valuation given the coat'in the contract between Goldman and Paramount affect Bunin in any way.
As I view the matter, the judgment of the Court of Appeals herein is correct and should be affirmed.
Weygandt, C. J., and Bell, J., concur in the foregoing dissenting opinion.